IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMAR E. SUMMERS,

    Petitioner,

v.                                                    Civil Action No. 3:13CV759

CLAUDE W. MITCHELL,

    Respondent.

## MEMORANDUM OPINION

Jamar E. Summers, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Norfolk, Virginia ("Circuit Court"). In his § 2254 Petition, Summers raises the following grounds for relief:

> Claim One:   Insufficient evidence existed to support Summers's convictions. "[T]here was insufficient evidence for the trial court to find beyond a reasonable doubt that the petitioner had either made or procured the making of either check or possessed the knowledge of the falsity of either check and the signatures of the maker/drawer thereon." (§ 2254 Pet. 17.)
>
> Claim Two   Counsel failed to present evidence from Summers's e-mails to support Summers's defense that he was the victim of a scam. (*See* § 2254 Pet. 29.)

Respondent moves to dismiss the § 2254 Petition on the grounds that Summers's claims lack merit.[1] Respondent provided Summers with appropriate *Roseboro* notice.[2] (ECF No. 7.) Summers has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 4.) will be GRANTED.

---

[1] Respondent concedes that Summers has exhausted his state remedies with respect to both claims. (Mem. Supp. Mot. Dismiss ¶ 7, ECF No. 6.)

[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

Following a bench trial, the Circuit Court convicted Summers of two counts of uttering, two counts of forgery, obtaining money by false pretenses, and attempting to obtain money by false pretenses. The Court of Appeals of Virginia aptly summarized the evidence of Summers's guilt as follows:

> Appellant admits he presented the two checks, which were made payable to him and endorsed by him, for payment.[3] However, appellant denied at trial that he knew the documents were forged or fraudulent. Appellant testified he had been given one check in the sale of his laptop and the other check was a salary advance for future employment and purchase of business supplies. The trial court rejected appellant's unsupported assertions that he obtained the checks from others, for goods and future services, and that he did not know the checks were fraudulent. . . .

---

[3] In Virginia, "'[p]ossession of a forged check by an accused which he claims as a payee, is prima facie evidence that he either forged the instrument or procured it to be forged." *Summers v Commonwealth*, No. 0663-11-1, at 2 (Va. Ct. App. Dec. 1, 2011) (alteration in original) (quoting *Oliver v. Commonwealth*, 544 S.E.2d 870, 875 (Va. 2001)).

> The Commonwealth presented sufficient evidence to show appellant was in possession of the two checks that were forged and uttered. Appellant failed to adequately rebut this prima facie evidence that he forged, or procured to be forged, the two checks made payable to him and endorsed by him.

*Summers v. Commonwealth*, No. 0663–11–1, at 2–3 (Va. Ct. App. Dec. 1, 2011).

Ample evidence reflects that Summers forged two checks, one drawn on the account of Margaret Lampark for $1,950.10 ("Lampark Check") (Dec. 15, 2010 Tr. 15–16) and one drawn on the account of Teresa Pearson for $1,950.10 ("Pearson Check"). (Dec. 15, 2010 Tr. 42, 47.) At trial, Summers suggested that he had innocently attempted to cash the Lampark and Pearson Checks and was unaware that someone had forged the checks. Specifically, Summers testified that he received the Lampark Check from Jose Lampark in exchange for a computer Summers sold to Jose Lampark on eBay. (Dec. 15, 2010 Tr. 74–75.) Other evidence, however, indicated that Summers's account of receiving the Lampark Check in exchange for a sale of a computer was a fabrication. Notably, when Summers attempted to cash the Lampark Check at Check Smart, Summers told the cashier, Dominque Spellman, that he received the check in exchange for electric work he had performed for Ms. Lampark. (Dec. 15, 2010 Tr. 20–25.)

Summers also indicated that he did not know the Pearson Check had been forged. Summers testified that he had received that check from Proteus Solutions for office supplies and his first week's pay with that company. (Dec. 15, 2010 Tr. 83–84, 96.) Summers, however, could provide no cogent reason why Proteus Solutions would send him a check that listed Teresa Pearson as the payor rather than Proteus Solutions. (Dec. 15, 2010 Tr. 96–98.) Moreover, Summers provided no correspondence to corroborate his fanciful account of how he obtained the Lampark and Pearson Checks. Because an abundance of circumstantial evidence supported Summers's guilt, Claim One will be DISMISSED.

## II. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Two, Summers faults counsel for failing to obtain e-mails that Summers asserts would have supported his defense that: (1) he received the Lampark Check in exchange for a computer he sold to an individual who represented himself to be Jose Lampark; and, (2) he received the Pearson Check from Proteous Solutions for work and office supplies. In support of this claim, Summers attaches a series of approximately four or so e-mails. (*See* § 2254 Pet. Exs. 3.1, 3.2, 3.3, 3.4, and, 3.5.) The e-mails, however, fail to bolster Summers's defense to any significant degree. For example, although one e-mail indicates that someone named "Jose Manuel Valverede" sent Jamar Summers some "checks," the e-mail fails to indicate that any of the checks were in payment for a computer, as Summers represented with respect to the Lampark Check. (§ 2254 Pet. Ex. 3.4.) In another e-mail from Proteus Solutions, Summers is directed to

send a payment, via Western Union, to Mariya Geydzhan, in Saint Petersburg, Russia. (*Id.* Ex 3.2.) With respect to the Pearson Check, this e-mail fails to indicate that Proteous Solutions would be sending Summers a check for $1,950.10, drawn on Janet Pearson's personal account, in connection with Summers's alleged employment with Proteous Solutions. Accordingly, because Summers fails to demonstrate the e-mails would have significantly assisted his defense, Claim Two will be DISMISSED for lack of prejudice.

On May 29, 2013, the Court received from Summers a "MOTION TO AMEND BASED ON EVIDENCE NOT AVAILABLE AT THE TIME OF THE FILING OF THE ORIGINAL PETITION." ("Motion to Amend," ECF No. 9.) The Motion to Amend (ECF No. 9), will be GRANTED. Summers suggests that counsel performed deficiently by failing to obtain the documents attached to his Motion to Amend in time for Summers's trial. (Resp. to Resp't's Mot. to Amend ¶ 2.) As explained below, Summers fails to demonstrate that counsel's failure to obtain the documents attached to the Motion to Amend prejudiced his defense.

Summers attached to the Motion to Amend eight pages of documents from the internet, which describe the "Proteus Solutions Scam." (Mot. Amend, Atttach. 1–8.) These documents indicate, *inter alia*, that "Proteus Solutions is just another clearly fraudulent money mule recruiting spammer ...." (*Id.* at 2 (underlining and emphasis omitted).) Apparently, Summers contends these documents support his assertion he was somehow duped by Proteous Solutions and that he innocently passed the Pearson Check in connection with alleged employment with Proteus Solutions. These documents fail to demonstrate Summers's innocence, much less support any basis for habeas relief. For example, Summers has yet to offer documentation that bears out his assertion that Proteus Solutions would be sending him a check for almost two thousand dollars for office supplies and his first week's salary. Moreover, Summers fails to

5

explain why he would cash a check drawn on Janet Pearson's personal account with respect to any employment with Proteus Solutions. In sum, Summers fails to demonstrate any reasonable probability that presenting the documents attached to his Motion to Amend would have persuaded a jury to acquit him of the charges related to the Pearson Check.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 4) will be GRANTED. Summers's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Summers fails to meet this standard. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Date: 7/18/14
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge